# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA GOOD,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>FUJI FIRE AND MARINE INSURANCE CO. LTD., (Main Branch: BIJAN KHOSROWSHAHI, CEO, Sapporo Branch: MR. MATSUDA, Hakodate Branch: MR. UCHIDA) NORIO SUGAWARA, TAKAYA HYANADA, THE JAPANESE MINISTRY OF JUSTICE, THE JAPANESE FINANCIAL SERVICES AGENCY, THE JAPANESE MINISTRY OF TRANSPORTATION, THE NON-LIFE INSURANCE RATING ORGANIZATION OF JAPAN (SONGAIHOKEN RYOURITSU SANSHUTSU KIKOU SAPPORO BRANCH ,<br><br>　　　　　　　Defendants. | CASE NO. 07CV1748-LAB (BLM)<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO PROCEED *IN FORMA PAUPERIS* AND *SUA SPONTE* DISMISSING CASE WITHOUT PREJUDICE** |

Plaintiff Andrea Good ("Good"), a United States citizen and resident of Santa Fe, New Mexico, has filed a Complaint in this district alleging fraud, negligence, gross negligence, and malicious prosecution arising out of a January 10, 2004 automobile accident and its aftermath in Jozankei, Sapporo, Hokkaido, Japan. Good alleges she resided in Japan at the time and worked in the family business of her husband, who was a Japanese citizen. She

1  names as defendants:  Fuji Fire And Marine Insurance Co. Ltd. ("Fuji") (in particular, two
2  branch offices located in Japan and one apparent branch director or employee at each);
3  Norio Sugawara, an individual identified as Fuji's attorney and a Japanese citizen resident
4  of Hokkaido, Japan; Takaya Hanada, an individual identified as a client of Fuji and a
5  Japanese citizen resident of Hokkaido, Japan; three named departments of the Japanese
6  government; and a Japanese trade association located in Japan.  Compl. ¶¶ 3-8. Good
7  invokes the jurisdiction of this court on grounds of diversity of citizenship, citing 28 U.S.C.
8  §§ 1332(a)(2), (4),  and 28 U.S.C. § 1332 (c)(1).  She relies for choice of venue on 28 U.S.C.
9  § 1391(d) ("An alien may be sued in any district").[1]

10  From the face of the Complaint, the court has threshold concerns regarding personal
11  jurisdiction over these remote defendants as well as regarding venue.  Good alleges Fuji "is
12  a Japanese corporation also domiciled in Southern California."  Compl. ¶ 4.  Only Fuji is
13  alleged to have any ties to California and is not merely an alien joined with other parties who
14  are alleged to have contacts with this state, so that Fuji's residence cannot be disregarded
15  for venue determinations. A search of the California Secretary of State corporate records
16  identifies "Illinois" as the "Jurisdiction" associated with the Fuji company in the United States
17  and reveals Fuji's agent for service of process in California resides in Los Angeles,
18  California.  Los Angeles is located within the jurisdiction of the United States District Court
19  for the Central District of California, rather than the Southern District of California.  No other
20  named defendant is alleged to have any ties to California, let alone to the Southern District,
21  and Good alleges no such ties with respect to herself or to the events or omissions forming
22  the subject matter of this litigation. For those reasons, this district appears to be an
23  inappropriate venue.

---

[1]  Normally, where federal subject matter jurisdiction is based solely on diversity of citizenship, venue is only proper in the following judicial districts:  a district where any defendant resides, if all defendants reside in the same state (28 U.S.C. § 1391(a)(1)); or a district in which a "substantial part of the events or omissions" on which the claim is based occurred, or where "a substantial part of the property" forming the subject matter of the litigation is located (28 U.S.C. § 1391(a)(2)); or, if there is no district in which the action may otherwise be brought, "a district in which any defendant is subject to personal jurisdiction at the time the action is commenced" (28 U.S.C. § 1391(a)(3) -- the "residual venue" provision).

1 | Without expressing any opinion on the jurisdictional issues or the merits of the
2 | Complaint, **IT IS HEREBY ORDERED** the court *sua sponte* **DISMISSES** the Complaint
3 | without prejudice to refiling in a proper venue.  **IT IS FURTHER ORDERED** Good's
4 | accompanying Motion To Proceed *In Forma Pauperis* is **DENIED AS MOOT**, without
5 | prejudice to her pursuing that relief in a proper forum.

6 | **IT IS SO ORDERED**.

7 | DATED: September 17, 2007

*/s/ Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge